**Bernard M. BARRETT, Jr., M.D., et al., Appellants,**

v.

**QUIPU INVESTMENTS, N.V., et al., Appellees.**

**No. 01–86–0906–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 6, 1987.

Rehearing Denied Oct. 8, 1987.

Edward D. Urquhart, Walter L. Paulissen, Silvia T. Hassell, Urquhart & Hassell, Houston, for appellants-relator.

Terry O. Tottenham, Randall E. Butler, Katherine A. Taylor, Rebecca L. Crosby, Fulbright & Jaworski, Houston, for appellees.

Before EVANS, C.J., and COHEN and HOYT, JJ.

### OPINION

HOYT, Justice.

This is an appeal from the granting of a motion for summary judgment against the appellants, Bernard M. Barrett, Jr., M.D., a plastic surgeon, and Plastic and Reconstruction Surgeons, P.A., a professional association solely owned by Dr. Barrett, Susan Black, a former patient of Dr. Barrett, and in favor of the appellees, Hermann Hospital and its General Counsel, V. Randolph Gleason. This case presents the question of whether liability results when a hospital or its agent causes a third-party to release, pursuant to Internal Revenue Service ("I.R.S.") summons, records of the names, addresses, dates of treatment, and method of payment of various patients of a doctor under investigation by the I.R.S.

The record reflects that Dr. Barrett had an arrangement with Doctor's Center Day Surgery ("DCDS") whereby he treated patients admitted by DCDS. Hermann Hospital's only connection with DCDS is that it

provided additional hospital services for DCDS during the relevant period. From an administrative point of view, Hermann Hospital neither admitted patients nor kept records of patients admitted.

Pursuant to a criminal investigation of Dr. Barrett, the I.R.S. obtained an administrative summons requiring DCDS to supply it with information regarding the identity and whereabouts of patients admitted by DCDS and treated by Dr. Barrett. Before DCDS could supply the information, Dr. Barrett made both an oral and a written request urging DCDS not to release the information, "claiming the privilege of confidentiality on behalf of his patients pursuant to [the former Medical Practice Act, ch. 1, § 5.08, 1981, Tex. Laws, 1st C.S. 1, 31, *repealed by* Act of June 14, 1985, ch. 685, § 9(b), 1985 Tex.Gen. Laws 5136, 5142, now Tex.R.Evid. 509], and pursuant to common law and constitutional guarantees of privacy and confidentiality." After receiving Dr. Barrett's protest letter, an administrative officer responsible for answering such summonses at DCDS, sought legal advice from attorney Gleason on whether to release the documents. Attorney Gleason apparently advised the officer to release the information to the I.R.S. [This case was litigated under Tex.Rev.Civ.Stat.Ann. art. 4495b, § 5.08, before its re-enactment as Tex.R.Evid. 509, Physician/Patient Privilege. Because of some differences in language between art. 4495b, § 5.08 and Tex. R.Evid. 509, we shall use the language in art. 4495b, § 5.08 provision throughout this opinion.]

In their sole point of error, the appellants argue that Dr. Barrett's right of privilege of confidentiality under § 5.08 was breached by DCDS on the advice and with the consent of Hermann Hospital and its agent, Attorney Gleason, resulting in injury to Dr. Barrett and his company. We conclude that if the records summoned fall outside the scope of art. 4495b, § 5.08 or within an exception to it, the appellants' claim is essentially destroyed. Under the facts of this case, Hermann Hospital's liability if any, is derivative of DCDS's liability.

In the instant case, the essential facts are undisputed; therefore, no genuine issue of material fact exists that would prevent the entry of a summary judgment. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310 (Tex.1984). Our task, however, is to determine whether a statutory exception is available that protects the appellees in this case. The appellees rely on art. 4495b, § 5.08(h)(1) as the exception applicable to them. Article 4495b, § 5.08 states, in pertinent part, the following:

Physician-patient communication

(a) Communications between one licensed to practice medicine, relative to or in connection with any professional services as a physician to a patient, is confidential and privileged and may not be disclosed except as provided in this section.

(b) Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed except as provided in this section.

\* \* \* \* \* \*

(h) Exceptions to the privilege of confidentiality, in other than court or administrative proceedings, allowing disclosure of confidential information by a physician, exist only to the following:

(1) governmental agencies if the disclosures are required or authorized by law;

\* \* \* \* \* \*

There is no dispute that the I.R.S. is a governmental agency clothed with the authority to issue summonses soliciting information from third parties having financial dealings with a particular taxpayer. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964); *see United States v. Barrett*, 787 F.2d 958, 961 (5th Cir.1986). This authority does not require a showing of probable cause before it may be exercised, although demonstration of a legitimate purpose may be required. *Id.*

Under the circumstances, we have no difficulty concluding that otherwise privileged information may be released to the I.R.S. under § 5.08(h)(1) of art. 4495b. In *United States v. Texas Heart Institute,*

755 F.2d 469, 482 (5th Cir.1985), a case in which the appellants intervened, the court concluded that the I.R.S. was entitled to the records requested because it had demonstrated a legitimate purpose for its investigation. On remand, the trial court placed certain limitations on the requested discoverable items; however, we need not concern ourselves with that here, because the items requested in this case were not shown to be physician's records.

In this regard, the appellants would have us impose on third parties a duty to litigate all I.R.S. summonses in order that limitations may be placed on the discoverable materials. They assert that only when the third party refuses to obey the summons will the taxpayer have an opportunity to limit the summons' scope. We decline to make such a rule. Although we believe that the causal connection between the appellees' conduct and the appellants' alleged "injury" is tenuous at best, the privilege asserted by the appellants did not go to "records; ... created ... by a physician" pursuant to § 5.08. We hold that the privilege of confidentiality granted by art. 4495b, § 5.08 does not apply when a governmental agency, such as the I.R.S., seeks disclosure of information that it is authorized by law to collect, or that it collects pursuant to its legitimate functions. *See United States v. Powell*, 379 U.S. at 57–58, 85 S.Ct. at 254–255.

Having held that the information requested from DCDS was not physician's records and that whatever physician-patient communication that existed, if privileged under § 5.08, falls within a § 5.08(h)(1) exception, we conclude that Hermann Hospital and its agent, Attorney Gleason, had no statutory or common law duty to the appellants. Any liability that Hermann Hospital and its attorney could have, must arise out of a duty owed by DCDS, since Hermann Hospital did not actually release the records. We overrule the appellants' sole point of error.

The judgment below is affirmed.